# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-50486
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DENIS ALEXI REYES-CARRANZA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-854-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Denis Alexi Reyes-Carranza pleaded guilty to the charge of illegal reentry following previous deportation. As Reyes-Carranza had a prior conviction for assault with a deadly weapon, his offense level was adjusted upward by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Reyes-Carranza requested a sentence below the Guidelines range of 46 to 57 months imprisonment. The district court sentenced Reyes-Carranza to the bottom term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment under the Guidelines range, 46 months, and to a three-year term of supervised release.

Reyes-Carranza contends that his sentence was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2). Reyes-Carranza concedes that this court ordinarily applies a presumption of reasonableness to within-guideline sentences. See United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008); United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir.), cert. denied, 129 S. Ct. 624 (2008). Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), he nevertheless contends that the presumption should not apply in his case because § 2L1.2 is not empirically supported. Reyes-Carranza points out that the instant offense did not involve violent conduct and did not pose a danger to others, and that it "was, at bottom, an international trespass." Reyes-Carranza also contends that the guidelines range did not account for his motivation for reentering the United States which was to earn money and receive adequate medical care.

The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in Campos-Maldonado, 531 F.3d at 338-39. The appellate presumption is therefore applicable in this case.

The district court considered Reyes-Carranza's request for a sentence below the bottom of the guidelines range, but ultimately determined that such a sentence was not appropriate. As noted, Reyes-Carranza's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. See Campos-Maldonado, 531 F.3d at 338; Gomez-Herrera, 523 F.3d at 565-66. And, as Reyes-Carranza concedes, his insistence that he deserved a lesser sentence based on the disparity that results from fast-track early disposition programs is foreclosed by Gomez-Herrera, 523 F.3d at 563 n.4. As Reyes-Carranza has not shown that his sentence is unreasonable, the judgment of the district is AFFIRMED.